# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| STACEY ZELLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| EQUITABLE FINANCIAL LIFE | ) |
| INSURANCE COMPANY OF | ) |
| AMERICA | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
## EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Stacy Zeller, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq*., and for her cause of action against Defendant Equitable Financial Life Insurance Company of America (hereinafter "Equitable" or "Defendant"), respectfully states the following:

### Introduction

1. Plaintiff Stacey Zeller (hereinafter "Plaintiff" or "Ms. Zeller") brings this action, against Equitable for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. Ms. Zeller seeks recovery and payment of benefits due under an employee benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

3. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendant resides or are found in this district.

**Parties**

5. Ms. Zeller is an individual residing in the Western District of Missouri. She is a vested participant in a Group Insurance Policy for certain employees of Revenue Solutions, Inc. (hereinafter "RSI"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

6. Ms. Zeller has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

7. Equitable provides short-term and long-term disability coverage for certain employees of RSI under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Equitable provides Long-Term Disability ("LTD") insurance benefits.

8. Equitable is an insurance company incorporated in North Carolina and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

9. Equitable administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

10. Equitable both decides a beneficiary's right to benefits and then pays those benefits under the plan.

11. RSI serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

**Facts**

12. Ms. Zeller was an employee of RSI when she became disabled and unable to perform the duties of his own occupation of business analyst.

13. Ms. Zeller became disabled due to physical restrictions and limitations that leave her with sub-sedentary functional capacity.

14. Equitable denied benefits LTD benefits on March 26, 2024.

15. Ms. Zeller appealed Equitable's first denial and on August 1, 2024, Equitable overturned its denial of benefits and paid LTD benefits, finding that Ms. Zeller was unable to perform the material duties of her sedentary occupation.

16. On June 3, 2025, Equitable again denied LTD benefits. This time the stated reason for denial was that the definition of disability had changed and that Ms. Zeller no longer met the definition of disability.

17. On July 23, 2025, Ms. Zeller again appealed the denial of LTD benefits.

18. As part of the appeal, Ms. Zeller included medical evidence indicating that that she had not experienced any improvement in her physical condition and was still restricted and limited to a sub-sedentary functionality.

19. Included in the appeal was evidence indicating that no jobs exist below a sedentary level of functionality.

20. On September 2, 2025, Equitable sent correspondence indicating that it had generated new evidence in the review of Ms. Zeller's claim. And requested a response by no later than September 10, 2025.

21. The deadline for Equitable to decide the appeal pursuant to 29 C.F.R. § 2560.503-1(i).

22. Ms. Zeller wrote to Equitable pursuant to 29 C.F.R. § 2560.503-1(l) informing equitable that: (1) the delivery of new information was to close to the deadline to decide the appeal; and (2) that 8 days was an insufficient amount of time to respond to the new information as required.

23. On September 16, 2025, Equitable denied the appeal.

### Equitable's Failure to Implement Claims Procedures Consistent with 29 C.F.R. 2560.503-1

24. As an ERISA Plan administrator Equitable is required to implement claims policy and procedures to guarantee a full and fair review of claims.

25. Equitable must comply with the minimum plan procedures outlined in 29 C.F.R. §2560.503-1.

26. Equitable has failed to implement such procedures as demonstrated by its actions in the review of Ms. Zeller's claims for LTD benefits.

27. Equitable' violations included, but are not limited to, the following:

   a. Equitable violated 29 C.F.R. § 2560.503-1(h)(2)(iii) by failing to provide Ms. Zeller the claim file relating to her claim despite numerous requests.

   b. Equitable violated 29 C.F.R. § 2560.503-1(h)(4) by notifying Ms. Zeller of new evidence to near the date Equitable was required to make a determination on the appeal.

c. Equitable violated 29 C.F.R. § 2560.503-1(h)(4) by failing to provide sufficient time for Ms. Zeller to generate a response to the new information generated by Equitable.

**Standard of Review**

28. Lincoln has an inherent conflict of interest as both the decider and payor of benefits under the Plan.

29. Equitable has failed to strictly adhere to the requirements of 29 C.F.R. § 2560.503-1 and implement claims procedures to guarantee a full and fair review.

30. Because of the conflict of interest and the systemic procedural irregularities identified above this Court is to review the denial of LTD benefits under a *de novo* standard pursuant to 29 C.F.R. § 2560.503-1(l)(2)(i).

**COUNT I**
**Wrongful denial of LTD Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)**

31. Ms. Zeller incorporates by reference all allegations set forth in paragraphs 1-30 as if fully set forth herein.

32. Ms. Zeller is entitled to LTD benefits under the terms of the Plan, in that she is unable – due to sickness or injury – to perform the duties of any gainful occupation for which she is reasonably fitted by education, training, or experience.

33. Ms. Zeller has provided substantial medical evidence demonstrating that she has been continuously and totally disabled under the terms of the Plan.

34. Equitable wrongfully denied those LTD benefits.

35. As a result of Equitable's wrongful denial of benefits, Ms. Zeller has been damaged in the amount of unpaid benefits.

36. Equitable's denial of Ms. Zeller's LTD benefits was not supported by a preponderance of the evidence.

37. Lincoln is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff Stacey Zeller respectfully prays for judgment against Defendant Equitable Financial Life Insurance Company of America in the amount of unpaid past benefits, for an Order that Defendant begins future long-term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

38. Ms. Zeller incorporates by reference all allegations set forth in paragraphs 1-37 as if fully set forth herein.

39. Ms. Zeller brings this claim against Lincoln under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

40. Equitable is a Plan Administrator under the plan.

41. As a Plan Administrator, Equitable both decides a beneficiary's right to benefits and pays those benefits thereby Lincoln bears an inherent conflict of interest.

42. Section 29 U.S.C. § 1104 codifies the fiduciary duties that Equitable as Plan administrator owes to beneficiaries like Ms. Zeller, they are the Duty of Loyalty and the Duty of Prudence.

43. The duty of loyalty requires the plan administrator to convey complete and accurate information material to the beneficiaries right to benefits under the plan

44. The duty of prudence requires the plan administrator to act as a reasonably prudent claims adjuster would in the circumstances.

45. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

   a. provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

   b. afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

46. 29 C.F.R. § 2560.503-1 codifies the plan procedures that are required to be implemented in every ERISA governed plan in order to guarantee that Plan administrators fulfill their fiduciary duties and provide a full and fair review of all claims made under an ERISA governed plan.

47. Lincoln failed to adequately implement claims procedures that complied with 29 C.F.R. § 2560.503-1 and as a result, breached the dual fiduciary duties it owed Mr. Cox, in the following, but not limited to, ways:

   a. Failed to implement claims procedures that met the requirements of § 2560.503-1.
   b. Failed to provide appropriate time for communication with and from Ms. Zeller.
   c. Ignored evidence provided by her physicians.
   d. Filed to provide a full and fair review.

e. Failed to shield its employees and retained "experts" from its inherent conflict of interest.

48. The above breaches are the byproduct of a review process that is not compliant with 29 CFR § 2560.503-1, which results in an exacerbation of the inherent conflict of interest of LINCOLN being both the decider and payer of benefits and permits Lincoln to routinely breach the fiduciary duties it owes to beneficiaries such as Mr. Cox.

49. The breaches were also the byproduct of Equitable's arbitrary and inconsistent interpretation of plan provisions that were made to the detriment of Ms. Zeller and in favor of Equitable and Equitable's financial interest in denying Mr. Cox's claims.

50. As a result of Equitable's breaches of the dual fiduciary duties of loyalty and prudence owed to Ms. Zeller under ERISA, Ms. Zeller suffered actual harm, as he was denied benefits to which he was entitled under the Plan, he incurred attorneys' fees and costs, and he suffered other financial losses.

51. Equitable breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Ms. Zeller's benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff Stacey Zeller respectfully prays that this Court:

1) Grant judgment in his favor and against Defendant on all claims;

2) Order that Defendant pay restitution for all benefits that Ms. Zeller is entitled to but for the Lincoln's breaches of fiduciary duties;

3) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;

5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;

6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of his attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

8) Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**DAVIS OLSZESKI, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis  #MO58205
Adam J. Olszeski   #MO66126
Gallagher Davis, LLP
2704 Locust St., Ste 202
St. Louis, MO 63103
P: (314) 876-776
F: (314) 876-7877
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com